IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MERCHANTS BONDING COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 17-0365 |
| | * | |
| CERTIFIED MAINTENANCE COMPANY, INC. et al. | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION and ORDER**

On April 18, 2017, Plaintiff filed a Motion for Clerk's Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 9. The motion maintains that Defendant Certified Maintenance Company, Inc. ("CMC") was served through the Maryland Department of Assessments and Taxation ("SDAT") on February 21, 2017 pursuant to Maryland Rule 2-124(o). Plaintiff's process server attests that SDAT was served because the resident agent for CMC, Lynette Naimi-Ezami, no longer resided at the Maryland address for service of process maintained with SDAT. In fact, Plaintiff learned that Naimi-Ezami's house at the Maryland address maintained with SDAT had been foreclosed upon. Plaintiff also had reason to believe that both Defendants Lynette and Mehdi Naimi-Ezami ("Individual Defendants") had since moved to Florida. ECF No. 9-1 at 1–2.

Service upon CMC appears to have been proper, and as this defendant has failed to respond to the Complaint, default will be entered against it. However, the Court will deny Plaintiff's motion as to the Individual Defendants for failure to effect proper service.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff attempted to effectuate service on the Individual Defendants under Section 48.031(6) of the Florida Statutes, which reads:

> If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

Service on a defendant pursuant to section 48.031(6) of the Florida Statutes is limited to those instances where the only address discoverable through the public records to effect service is a private mailbox maintained by the party to be served. *Beckley v. Best Restorations, Inc.*, 13 So. 3d 125, 126 (Fla. Dist. Ct. App. 2009); *see also see Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1012 (Fla. Dist. Ct. App. 2009) ("The statute only permits substitute service at a private mailbox if (1) it is the *only* address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." (emphasis in original)). Importantly, "[b]ecause of the fundamental constitutional implications of service of process, 'statutes governing service of process are to be strictly construed and enforced.'" *McDaniel v. FirstBank Puerto Rico*, 96 So. 3d 926, 928 (Fla. Dist. Ct. App. 2012) (quoting *Shurman v. Atlantic Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001)).

The burden to prove the validity of service of process is on the party seeking to invoke the court's jurisdiction. *Henzel v. Noel*, 598 So. 2d 220, 221 (Fla. Dist. Ct. App. 1992).

Here, the process server, Randall Badger, who attempted to serve the Individual Defendants, attests that he effected service by delivering a copy of the summons, complaint, exhibits, cover sheet, and Local Rule 103.3 Disclosure of Corporation Affiliations to Scott Damberg, the person in charge of the Individual Defendants' private mailbox located at 822 SW Federal Highway, Suite 11, Stuart, Florida. *See* ECF Nos. 6 & 8. Badger also attests that this is "the only address known after reasonable investigation and after determining that the person . . . to be served maintains a mailbox at this location." *Id.* However, Badger's conclusory assertion that he conducted a "reasonable investigation" is insufficient to establish that the only address discoverable through public records was a private mailbox. *See Cruz v. Petty Transp., LLC*, No. 6:08CV498-ORL-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008) (explaining that the court's vacating of a default on the same grounds was proper). Neither the process server's attestations nor Plaintiff's memorandum in support of its Motion for Clerk's Entry of Default offers any evidence of the process server's methodology—if any—used to determine that it could not effectuate personal service on the Individual Defendants or that the private mailbox was the Individual Defendants' only publicly-available address. *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CV-62620, 2016 WL 4549684, at *3 (S.D. Fla. Sept. 1, 2016) (finding insufficient service of process when plaintiff relied solely on process server's affidavit which stated that private mailbox address was the "only address known after reasonable investigation"). Therefore, Plaintiff has failed to properly effectuate service upon Defendants Lynette and Mehdi Naimi-Ezami.

Accordingly, it is, this 25th day of April, 2017, by the United States District Court for the District of Maryland ORDERED that:

1. Plaintiff's Motion for Clerk's Entry of Default (ECF No. 9) is hereby GRANTED as to Defendant Certified Maintenance Company, Inc.;

2. Plaintiff's Motion for Clerk's Entry of Default (ECF No. 9) is hereby DENIED as to Defendant Mehdi Naimi-Ezami; and

3. Plaintiff's Motion for Clerk's Entry of Default (ECF No. 9) is hereby DENIED as to Defendant Lynette Naimi-Ezami.

                                                                /S/
                                         PAULA XINIS
                                         United States District Judge