IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MERCHANTS BONDING COMPANY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX-17-00365 |
| CERTIFIED MAINTENANCE COMPANY, INC., *et al*, | * |
| Defendants, | * |

******

**MEMORANDUM OPINION**

This memorandum opinion and order addresses Plaintiff Merchant Bonding Company's motion for default judgment, ECF No. 29. None of the three Defendants have filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the following reasons, Plaintiff's motion for default judgment is granted.

**I.    Background**

On February 8, 2017, Plaintiff Merchants Bonding Company filed a complaint against Defendants Certified Maintenance Company, Inc., ("CMC") Mehdi Naimi-Ezami, and Lynette Naimi-Ezami seeking reimbursement for losses and damages it allegedly incurred as a result of issuing surety bonds to CMC for construction projects in Maryland. ECF No. 1. Mehdi and Lynette Naimi-Ezami (the "Individual Defendants") are the principals of CMC. *Id.*

Plaintiff encountered several obstacles to proper service in this case. Plaintiff served CMC through the Maryland State Department of Assessments and Taxation ("SDAT") on February 21, 2017. ECF No. 5. Serving the Individual Defendants proved difficult, and Plaintiff ultimately left a copy of the Summons and Complaint with the manager of the Individual

1

Defendants' private mailbox in Florida pursuant to one of Florida's substitute service provisions—Fla. Stat. Ann. § 48.031(6). On April 18, 2017, Plaintiff moved for clerk's entry of default against all of the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 9. The Court granted this motion with respect to CMC, but denied it with respect to the Individual Defendants because Plaintiff failed to prove that Plaintiff had actually met Florida's requirements for proper substitute service of process. ECF No. 10.

Plaintiff moved for reconsideration of its order denying default with respect to the Individual Defendants. ECF No. 11. Because the motion for reconsideration included an affidavit detailing Plaintiff's efforts to effectuate service of process on the Individual Defendants, the Court granted the reconsideration motion and directed the clerk to enter default under Rule 55(a). ECF No. 13.

Four months after Plaintiff served Defendant CMC through SDAT, SDAT informed Plaintiff that SDAT had failed to effectuate service due to "an unfortunate and unprecedented set of circumstances" within the Department. ECF No. 20-1. Plaintiff then moved to reconsider the order entering default as to CMC. ECF No. 20. The Court granted Plaintiff's motion, vacated the clerk's entry of default, and reissued the summons as to CMC. ECF No. 21. CMC was then properly served, and the clerk thereafter entered default under Rule 55(a) as to CMC. ECF Nos. 23, 25. On March 30, 2018, Plaintiff moved for default judgment against all defendants which the Court now addresses.

## II.     Standard of Review

Federal Rule of Civil Procedure 55(b) governs default judgments, which may be entered by a clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). If

the requested sum is neither certain nor ascertainable through computation, Rule 55(b)(2) affords the Court broad discretion to ascertain evidence necessary to establish damages. Fed. R. Civ. P. 55(b)(2). Although "the Fourth Circuit has a strong policy that cases be decided on the merits," default judgment nevertheless "is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (internal quotation marks and citations omitted). Whether to grant a default judgment rests with the sound discretion of the Court. *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In assessing the propriety of default judgment, the Court engages in a two-step inquiry: First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.* The Court may hold a hearing to determine damages, or it may rely on detailed affidavits or other documentary evidence. *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 525 (D. Md. 2016).

### III. Discussion

#### A. Liability

Defendants have failed to answer the complaint, object to the entries of default, or respond to the instant motion for default judgment. In light of Defendants' failure to participate in this case, the Court will exercise its discretion to entertain the motion for default judgment. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Accordingly, all of Plaintiff's allegations—other than those pertaining to damages—are deemed admitted. Fed. R. Civ. P. 8(b)(6).

Plaintiff has averred that Defendants, as principals, failed to indemnify Plaintiff for losses incurred on two surety bonds. Under Maryland law, "[i]ndemnification agreements and surety bonds are contracts. Thus, a principal is liable to a surety under an indemnification agreement if the principal breached the indemnification agreement by failing to indemnify the surety after the surety incurred a loss on a bond." *Westfield Ins. Co. v. Site Maint., Inc*., No. PWG-12-3145, 2013 WL 5964505, at *3 (D. Md. Nov. 6, 2013) (internal citations omitted). "In the construction industry, it is standard practice for surety companies to require contractors for whom they write bonds to execute indemnity agreements by which principals and their individual backers agree to indemnify sureties against any loss they may incur as a result of writing bonds on behalf of principals." *Developers Surety & Indemnity Co. v. Brantley Development Group Inc.* No. JFM-15-3465, 2016 WL 5868550 (D. Md. 2016) (citing *Atl. Contracting & Material Co. v. Ulico Cas. Co.,* 844 A.2d 460, 468 (Md. 2004)). "Moreover, requiring Defendants to honor their obligations under the Indemnity Agreement is in the public interest . . . because of the 'vital role of sureties in the construction industry' in providing 'financial strength and credit' to ensure that a contractor has the 'ability to perform its obligations.'" *Travelers Cas. & Sur. Co. of Am. v. C.R. Calderon Constr., Inc*., No. TDC-17-0282, 2017 WL 2256600, at *5 (D. Md. May 22, 2017) (quoting *Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp*., 534 F. Supp. 2d 1290, 1304 (S.D. Fla. 2008)).

As pleaded in the Complaint, Defendants executed a general application and agreement to indemnify Plaintiff in exchange for Plaintiff issuing performance and payment bonds and underwriting such bonds on behalf of Defendants. ECF No. 29-2. Plaintiff has established that Defendants were required to indemnify and reimburse Plaintiff for its losses. Plaintiff has also established that Defendants failed to make such reimbursements in full, in violation of their

signed indemnity agreement. *See generally* ECF No. 1. The complaint makes plain that Defendants are jointly and severally liable for the payment of amounts owed to Plaintiff. *See* ECF No. 1. Therefore, the Court finds that default judgment as to liability is appropriate.

**B. Damages**

Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is requested in the pleadings." The Defendants as indemnitors expressly and unconditionally promised and agreed to indemnify Plaintiff from any and all liability, loss, and expense. *See* ECF No. 29-2. Plaintiff requests damages of $278,913.86, as well as pre- and post-judgment interest.

In support of the requested damages, Plaintiff attaches the indemnity agreement, ECF No. 29-3, as well as the promissory note executed by Defendants, ECF No. 29-4. Plaintiff also attaches the Declaration of Michael E. Fisk, Claims Attorney for Merchants Bonding Company. ECF No. 29-2. Fisk attests that Plaintiff, as surety, executed and delivered various performance and payment bonds, with Defendants as principals. *Id*. Fisk also attests that as a result of numerous claims and concomitant litigation asserted against the bonds, Plaintiff incurred $821,561.35 in losses, cost, expenses, and attorneys' fees. *Id.* Plaintiff has recovered $542,647.49 from Defendants, which leaves an outstanding balance of $278,913.86. Based on the record evidence, Plaintiff has established that it is owed $278,913.86.

As to Plaintiff's request for prejudgment interest, Plaintiff has not provided sufficient information for the Court to calculate the interest owed. "In a diversity case, prejudgment interest is a matter of state substantive law," and so the Court applies the law of the applicable state. *Hartford Underwriters Ins. Co. v. Trinity Prot. Servs. Inc.*, No. TDC-17-0129, 2017 WL 3205734, at *4 (D. Md. July 28, 2017) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d

614, 633 (4th Cir. 1999)). Prejudgment interest in Maryland is "allowable as a matter for right" in actions "under contracts providing for the payment of interest." *Baker's Exp., LLC v. Arrowpoint Capital Corp.*, No. ELH-10-2508, 2012 WL 4370265, at *27 (D. Md. Sept. 20, 2012) (quoting *Buxton v. Buxton*, 363 Md. 634, 770 A.2d 152 (2001)). Here, the parties explicitly contracted for the payment of interest. ECF No. 29-2 ¶2. Maryland's prejudgment interest rate is six percent. Md. Const. art. III, § 57; *First Virginia Bank v. Settles*, 322 Md. 555, 566 (1991).

Plaintiffs have not supplied the facts necessary for the Court to calculate prejudgment interest, such as the date that Defendants breached or defaulted under the agreement. Because the Court cannot ascertain the date of default, it cannot calculate the prejudgment interest from default to judgment. Plaintiff will be granted fourteen days to supplement the record, and if prejudgment interest is ascertainable thereafter, the Court will amend the Order granting default judgment.

Post-judgment interest is governed by a federal statute which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Post-judgment interest is determined at the federal statutory rate. 28 U.S.C. § 1961(b). Because Plaintiff is entitled to recovery of post-judgment interest by operation of law, the Court need not award it here. *See Choice Hotels, Int'l, Inc. v. Shree Navdurga, LLC*, No. DKC-11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012).

## IV. Conclusion

For the foregoing reasons, Plaintiff Merchants Bonding Company's motion for default judgment in the amount of $278,913.86 is GRANTED. Plaintiff's request for prejudgment interest is DENIED without prejudice and with leave to supplement the record within fourteen days. A separate Order follows.

 11/2/2018  
Date

/S/  
Paula Xinis  
United States District Judge